UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVSION

| | |
|---|---|
| Amber McDonald, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br><br><br><br> -v.- <br> Capital Accounts, LLC., <br> and John Does 1-25. <br><br> Defendant(s). | Civil Action No: <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR** |

Plaintiff Amber McDonald (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through her attorneys, against Defendant Capital Accounts, LLC (hereinafter "Defendant Capital"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws · were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff Amber McDonald is a resident of the State of Texas, County of Smith, residing at 2310 Ben Street, Tyler, TX 75701.

8.     Defendant Capital is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at PO Box 140065, Nashville, TN 37214 and may be served process upon the Incorp Services Inc. 815 Brazos St, Ste 500, Austin, TX 78701.

9.     Upon information and belief, Defendant Capital is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

   a.   all individuals with addresses in the State of Texas;

   b.   to whom Defendant Capital sent a collection letter attempting to collect a consumer debt;

   c.   that uses the term "satisfy in full;"

   d.   for a discounted settlement offer;

      e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's collection actions such as the referenced letters attached as Exhibit A violate 15 U.S.C. § l692e.

16.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §l692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     On a date better known to the original creditor Fitness In Training (formerly world gym), the Plaintiff incurred an obligation.

22.     The Fitness In Training (formerly world gym). obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23.     The Fitness In Training (formerly world gym) obligation is a "debt" as defined by 15 U.S.C. §1692a (5).

24.     Fitness In Training (formerly world gym) is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25.     Fitness In Training (formerly world gym) contracted the Defendant Capital to collect the alleged debt.

26.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I –June 3, 2019 Collection Letter*

27.     On or around June 3, 2019 Defendant Capital sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Fitness In Training (formerly world gym). A true and correct copy of the Letter is attached hereto as Exhibit A.

28.     The letter states: "We are pleased to offer the above-listed satisfy-in-full offer on behalf of our client, Fitness In Training (formerly world gym).  This offer is good for 10 days from the date of this letter. We are not obligated to renew this offer.   By clearing up this delinquent obligation, we will request that the 3 national credit bureaus update the tradeline associated with your account to reflect this payment activity."

29.     By describing the effect of a discounted payment as "satisfy in full," the letter falsely and deceptively states two contradictory terms, one of which is false.  Either (1) the account is paid in full, or (2) the account was settled for a discount at less than full.

30.     By using both the term "satisfy," which means payment less than full and the term "in full," which means paid in full, the letter is contradictory and materially misleading to the consumer who would be unable to ascertain the true effects of making the payment requested in the letter.

31.     These contradictory terms are also deceptive and confusing to the Plaintiff as to what exactly will be reported on the Plaintiff's credit report.

32.     It is unclear if the balance will reflect zero, and further if it will state it was "paid in full", or "settled for less than full balance."

33.     Under the FDCPA, a collection letter is materially misleading if it is open to more than one interpretation, one of which is false.

34.     Plaintiff sustained an informational injury as she was unable to ascertain whether acceptance of the settlement amount would actually satisfy his account.

35.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.


**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.      Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

39.      Defendant violated said section

   a.     by omitting material information creating a false and misleading representation of
   the status of the debt in violation of §1692e(10); and

b.      by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

40.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

41.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Amber Mcdonald, individually and on behalf of all others similarly situated, demands judgment from Defendant Capital as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 30, 2019                              Respectfully Submitted,

                                                    **Stein Saks, PLLC**
                                                    /s/ Yaakov Saks
                                                    Yaakov Saks, Esq.
                                                    285 Passaic Street
                                                    Hackensack, NJ, 07601
                                                    Ph:  201-282-6500 ext. 101
                                                    Fax: 201-282-6501
                                                    ysaks@steinsakslegal.com
                                                    *Counsel for Plaintiff*